UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mayo Foundation for Medical Education and Research,<br><br>Plaintiff,<br><br>v.<br><br>ARUP Laboratories, Inc.,<br><br>Defendant. | Civ. Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mayo Foundation for Medical Education and Research ("Mayo") files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendant. Mayo states and alleges the following:

**The Parties**

1. Plaintiff Mayo Foundation for Medical Education and Research is a corporation organized and existing under the laws of the state of Minnesota with its principal place of business at 200 SW First Street, Rochester, MN 55902.

2. Upon information and belief, Defendant ARUP Laboratories, Inc. ("ARUP") is a corporation organized under the laws of the Utah and having its principal place of business at 500 Chipeta Way, Salt Lake City, UT 84108.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over this action because ARUP transacts business within Minnesota, including but not limited to transacting business directly with Mayo in Rochester, MN. ARUP also advertises itself as a "National Reference Laboratory" on its website, www.aruplab.com. As such, upon information and belief, ARUP has intended to benefit by doing business in the State of Minnesota, and personal jurisdiction over ARUP is appropriate.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

**Patents-In-Suit**

7. On April 20, 2010, United States Patent No. 7,700,365 ("the '365 Patent") was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '365 Patent is attached to this Complaint as Exhibit A.

8. On March 8, 2011, United States Patent No. 7,901,944 ("the '944 Patent") was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '944 Patent is attached to this Complaint as Exhibit B.

9. On January 8, 2013, United States Patent No. 8,349,613 ("the '613 Patent") was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '613 Patent is attached to this Complaint as Exhibit C.

10. Mayo Foundation for Medical Education and Research is the owner by assignment of all right and title of the '365 Patent, the '944 Patent and the '613 Patent.

**Count One – Infringement of United States Patent No. 7,700,365**

11. Mayo realleges and incorporates by reference Paragraphs 1 through 10 as if fully stated herein.

12. ARUP performs, or has performed on its behalf, a diagnostic test it calls "25-Hydroxyvitamin D2 and D3 by Tandem Mass Spectrometry." That test is advertised by ARUP on its website and referred to by ARUP as Test No. 2002348.

13. Upon information and belief, ARUP's Test No. 2002348 is performed substantially in accordance with methodologies described in a 2010 article in the *American Journal of Clinical Pathology* by Kushnir et al, titled "Rapid Analysis of 25-Hydroxyvitamin D2 and D3 by Liquid Chromatography – Tandem Mass Spectrometry and Association of Vitamin D and Parathyroid Hormone Concentrations in Healthy Adults."

14. Mayo has attempted to further ascertain the details of ARUP's Test No. 2002348 by engaging in months of negotiations with ARUP relating to the '365 Patent. As part of those negotiations, ARUP has not provided Mayo with any further details about the manner which ARUP performs its Test No. 2002348, nor has ARUP provided Mayo with any information or argument suggesting that it does not infringe the '365 Patent.

15. Upon information and belief, ARUP's use, offer for sale and/or sale of its Test No. 2002348 infringes the '365 Patent.

16. By virtue of its negotiations with Mayo, ARUP has been on notice of the '365 Patent, and ARUP's infringement of the '365 Patent has been and is willful.

**Count Two – Infringement of United States Patent No. 7,901,944**

17. Mayo realleges and incorporates by reference Paragraphs 1 through 16 as if fully stated herein.

18. ARUP performs, or has performed on its behalf, a diagnostic test it calls "25-Hydroxyvitamin D2 and D3 by Tandem Mass Spectrometry." That test is advertised by ARUP on its website and referred to by ARUP as Test No. 2002348.

3

19.     Upon information and belief, ARUP's Test No. 2002348 is performed substantially in accordance with methodologies described in a 2010 article in the *American Journal of Clinical Pathology* by Kushnir et al, titled "Rapid Analysis of 25-Hydroxyvitamin D2 and D3 by Liquid Chromatography – Tandem Mass Spectrometry and Association of Vitamin D and Parathyroid Hormone Concentrations in Healthy Adults."

20.     Mayo has attempted to further ascertain the details of ARUP's Test No. 2002348 by engaging in months of negotiations with ARUP relating to the '944 Patent.  As part of those negotiations, ARUP has not provided Mayo with any further details about the manner which ARUP performs its Test No. 2002348, nor has ARUP provided Mayo with any information or argument suggesting that it does not infringe the '944 Patent.

21.     Upon information and belief, ARUP's use, offer for sale and/or sale of its Test No. 2002348 infringes the '944 Patent.

22.     By virtue of its negotiations with Mayo, ARUP has been on notice of the '944 Patent, and ARUP's infringement of the '944 Patent has been and is willful.

**Count Three – Infringement of United States Patent No. 8,349,613**

23.     Mayo realleges and incorporates by reference Paragraphs 1 through 22 as if fully stated herein.

24.     ARUP performs, or has performed on its behalf, a diagnostic test it calls "25-Hydroxyvitamin D2 and D3 by Tandem Mass Spectrometry." That test is advertised by ARUP on its website and referred to by ARUP as Test No. 2002348.

25.     Upon information and belief, ARUP's Test No. 2002348 is performed substantially in accordance with methodologies described in a 2010 article in the *American Journal of Clinical Pathology* by Kushnir et al, titled "Rapid Analysis of 25-Hydroxyvitamin D2

4

and D3 by Liquid Chromatography – Tandem Mass Spectrometry and Association of Vitamin D and Parathyroid Hormone Concentrations in Healthy Adults."

26. Mayo has attempted to further ascertain the details of ARUP's Test No. 2002348 by engaging in months of negotiations with ARUP relating to the '613 Patent. As part of those negotiations, ARUP has not provided Mayo with any further details about the manner which ARUP performs its Test No. 2002348, nor has ARUP provided Mayo with any information or argument suggesting that it does not infringe the '613 Patent.

27. Upon information and belief, ARUP's use, offer for sale and/or sale of its Test No. 2002348 infringes the '613 Patent.

28. By virtue of its negotiations with Mayo, ARUP has been on notice of the '613 Patent, and ARUP's infringement of the '613 Patent has been and is willful.

## Prayer for Relief

Mayo respectfully asks this Court to:

A. Enter judgment that ARUP has infringed the '944 Patent, '365 Patent and '613 Patent under 35 U.S.C. § 271;

B. Enter an order preliminarily and permanently enjoining ARUP and its respective officers, agents, servants and employees, attorneys and all persons in active concert or participation with any of the foregoing who receive actual notice by personal service of the order from infringing the '944 Patent, the '365 Patent and the '613 Patent in violation of 35 U.S.C. § 271;

C. Award Mayo damages in an amount sufficient to compensate Mayo for ARUP's infringement of the '944 Patent, the '365 Patent and the '613 Patent, together with prejudgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

5

    D.    Declare this case to be exceptional under 35 U.S.C. § 285 and to award Mayo its attorneys' fees, expenses and costs incurred in this action;

    E.    Perform an accounting of ARUP's infringing sales through trial and judgment; and

    F.    Award Mayo such other and further relief as this Court deems just and proper.

### Demand For Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mayo demands a trial by jury on all issues appropriately triable by a jury.

Dated: April 22, 2013                              FISH & RICHARDSON P.C.

By: */s/ John C. Adkisson*
    Jonathan E. Singer (#283459)
    John C. Adkisson (#266358)
    3200 RBC Plaza
    60 South Sixth Street
    Minneapolis, MN 55402
    Tel: (612) 335-5070
    Fax: (612) 288-9696
    singer@fr.com
    adkisson@fr.com

*Attorneys for Plaintiff Mayo Foundation for Medical Education and Research*